Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/30/2024 09:11 AM CDT

- 514 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. RAMPERSAD
Cite as 317 Neb. 514

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Raymond P. Rampersad, respondent.

___ N.W.3d ___

Filed August 30, 2024.    No. S-24-493.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by the respondent, Raymond P. Rampersad, on July 1, 2024. The court accepts the respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

The respondent was admitted to the practice of law in the State of Nebraska on October 3, 1995. At all times relevant to these proceedings, the respondent was engaged in the practice of law in Georgia, where he was licensed in the U.S. District Court for the Middle District of Georgia.

On July 1, 2024, the respondent filed a voluntary surrender of his license to practice law. The respondent states that on October 11, 2022, he was "indicted in the Middle District of Georgia (Criminal No. 4:22-CR-24)" on three counts, including conspiracy to commit visa fraud, as well as creating and submitting false documents to the U.S. Citizenship and

- 515 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. RAMPERSAD
Cite as 317 Neb. 514

Immigration Services. He states that on February 13, 2024, he received a certified letter from the relator informing him that he was under formal investigation for his conduct in Georgia pursuant to Neb. Ct. R. § 3-309(E) (rev. 2011). The respondent states that on February 20, he entered into a plea agreement and knowingly pled guilty to two counts of "False Documents," in violation of 18 U.S.C. § 1001(a)(3) (2018), having been advised of his constitutional rights and having had the charges stated to him. Under the plea agreement, the respondent agreed to surrender his license to practice law prior to sentencing and agreed to cease the practice of law.

For purposes of voluntarily surrendering his law license, the respondent does not challenge or contest that he violated his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2022) and violated provisions of the Nebraska Rules of Professional Conduct.

The respondent states that, for purposes of this voluntary surrender, he freely and voluntarily consents to the entry of an order of disbarment and waives his right to notice, hearing, or appearance prior to the entry of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that the respondent has voluntarily surrendered his license to practice

- 516 -

Nebraska Supreme Court Advance Sheets
317 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. RAMPERSAD
Cite as 317 Neb. 514

law and knowingly does not challenge or contest the truth of the allegations made against him. Further, the respondent has waived all proceedings against him in connection therewith. We further find that the respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration, the court accepts the respondent's voluntary surrender of his license to practice law, finds that the respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately.

The respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, the respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2022) and Neb. Ct. R. §§ 3-310(P) (rev. 2023) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of disbarment.